Gilberto Gierbolini, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Departamento de Asuntos del Consumidor (DACO) acude ante este tribunal mediante recurso de apelación en el que nos solicita que revoquemos la determinación del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo, en tres casos independientes: Ayala Cádiz, Secretario del Departamento vs. Aluminum 2000, Inc., CD-95-423; Ayala Cádiz vs. REG Development Corp. y Raferi Construction Corp., CD-95-277; y Alicea Rivera, Secretario del Departamento vs. José Soto Ruiz, CD-95-367. En estos casos el tribunal de instancia denegó la petición del DACO en donde solicitaba a éste el determinar que los querellados incurrieron en desacato civil al incumplir órdenes del tribunal que a su vez ordenaban el pago de multas administrativas impuestas por la agencia. Luego de analizar los hechos de los casos, los intereses en conflicto tanto en la ley habilitadora del DACO, como en la prohibición constitucional contra el encarcelamiento por deudas y el derecho aplicable según expresado en las leyes y la jurisprudencia pertinente, CONFIRMAMOS al tribunal de instancia.
I
Los hechos pertinentes de cada caso, según surgen del escrito de apelación, son los siguientes:
A. Ayala Cádiz, Secretario del Departamento vs. Aluminum 2000, Inc., CD-95-423.
La querella que originó este caso en lo tribunales fue instada por la Presidenta de la Junta de Directores del Condominio Parque San Patricio I contra Aluminum, Inc., entidad con la cual había contratado la impermeabilización de parte de la azotea del condominio. Mediante Resolución Administrativa del 4 de enero de 1995, el DACO decretó la resolución del contrato entre las partes litigantes y ordenó la devolución a la parte consumidora de $4,126.00 más $200.00 por concepto de daños personales. Esta partida por daños personales fue posteriormente eliminada. En dicha resolución, además, DACO estableció que en caso de que la parte querellada-incumpliera, debería satisfacer la cantidad de $8,000.00 como multa administrativa.
Ante el incumplimiento del querellado, DACO acudió al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo, el 17 de marzo de 1995. La vista del caso fue celebrada el 1 de junio de 1995 sin la comparecencia de los demandados. Ese mismo día el tribunal de instancia emitió sentencia a favor del DACO, en la cual ordenó el pago de la multa administrativa de $8,000.00. Posteriormente, el 2 de agosto de 1995 DACO presentó en el tribunal una moción en solicitud de desacato. Finalmente, y luego de que a requerimiento del tribunal DACO presentara una moción informativa en cuanto al estado de derecho vigente, el tribunal de instancia decretó No Ha Lugar a la solicitud de imposición de desacato, Apéndice de la Apelación, Exhibit 8.
B. Ayala Cadiz vs. REG Development Corp. y Raferi Construction Corp., CD-95-277
Este caso surge con la presentación de una querella por los compradores de una residencia contra la constmctora Raferi Construction Corp. y la entidad promotora REG Development Corp., por alegados vicios de construcción. El 5 de agosto de 1994 DACO emitió una Resolución Administrativa en la que *1482 ordenó a la parte querellada a pagar a la parte consumidora la cantidad de $3,970.00 como indemnización, Apéndice de la Apelación, Exhibit 9, a la página 24. En ella, además, advirtió a los querellados que si incumplían con tal orden, tendrían que pagar la suma de $10,000 como multa administrativa. Nuevamente, ante el incumplimiento del querellado, DACO acudió al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo. Luego de una vista celebrada el 19 de mayo de 1995, el tribunal de instancia emitió sentencia en la que ordenó al querellado el cumplimiento de la Resolución Administrativa y el pago de la multa, Apéndice de la Apelación, a la página 29. El 28 de julio de 1995, ante el incumplimiento del querellado, DACO solicitó la imposición de desacato.
Luego de la presentación de una moción informativa, el tribunal de instancia denegó tal solicitud.
C. Alicea Rivera, Secretario del Departamento vs. Roseville San Juan Corporation y José Soto Ruiz, CD-95-367
El tercer caso objeto del presente recurso tuvo su origen con la presentación de una querella contra Roseville San Juan Corporation y José Soto Ruiz h/n/c Century 200 Real Estates, por éstos incumplir con el reembolso de un depósito luego de que no honraran un acuerdo en relación a la construcción de una vivienda. Mediante Resolución Administrativa de 18 de enero de 1995, DACO ordenó a la parte querellada a pagar la cantidad de $408.00 que aún le adeudaba a la parte querellante. Además, fue apercibido que de incumplir debería pagar una multa administrativa de $1,500.00.
El 9 de marzo de 1995 DACO acudió al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo para hacer cumplir la resolución. Luego de la vista correspondiente, el tribunal emitió sentencia en la que ordenó a la parte querellada a pagar la cantidad de dinero impuesta en la resolución más la multa administrativa. Posteriormente, DACO solicitó la imposición de desacato, la cual fue igualmente rechazada por el tribunal.
Con los hechos de estos tres casos DACO acude ante este foro mediante recurso de apelación. Aunque DACO titula su escrito como un recurso de apelación, lo cierto es que el mismo debe ser tratado como un recurso de certiorari, expedido a discreción de este tribunal, pues en realidad el DACO lo que nos solicita es que revisemos una determinación de naturaleza interlocutoria. A la luz de lo anterior, acogemos el presente recurso como un certiorari y procedemos a atender el error imputado al tribunal de instancia.
II
La controversia que nos corresponde atender es si los tribunales pueden hallar incurso en desacato civil e imponer la correspondiente penalidad a un querellado que incumpla una resolución emitida por dicha agencia como parte de una querella instada por consumidores.
ra
La ley habilitadora del DACO faculta al Secretario de este departamento a acudir a los tribunales para obtener los remedios necesarios para hacer cumplir sus "reglas, reglamentos, órdenes, resoluciones y determinaciones", Ley Número 5 del 23 de abril de 1973; 3 L.P.R.A. sección 341 (e)(i) (1982). Asimismo, la ley habilitadora faculta al Secretario a imponer multas hasta un máximo de $10,000 por violación a las disposiciones de la ley habilitadora, así como de las leyes que administra, sus reglamentos y las órdenes que emite, 3 L.P.R.A. sección 341 (q) (Supl 1995).
Para hacer efectivas sus órdenes correctivas, la ley habilitadora le confiere facultad al Secretario para acudir a los tribunales. De este modo, dispone que:
"El Secretario podrá recurrir al Tribunal Superior de Puerto Rico en solicitud que se ponga en vigor cualquier orden de cesar y desistir por él emitida o cualquier orden correctiva. El incumplimiento de una orden judicial declarando con lugar tal solicitud constituirá desacato al Tribunal." 3 L.P.R.A. sección 341(1) (1982).
Tanto el trámite ante DACO como el desarrollado ante el Tribunal Superior "forman parte de un mismo procedimiento dirigido a ejecutar el mandato legislativo encomendado a DACO", *1483 Departamento de Asuntos del Consumidor vs. Alturas de Florida Development Corp. et. al., 93 J.T.S. 33, a la página 10486. En este contexto, la facultad de acudir al cauce judicial pretende garantizar la efectividad de las órdenes y reglamentos de la agencia de forma tal que queden protegidos los derechos de los consumidores.
Sin embargo, los intereses protegidos por la ley habilitadora del DACO, pueden ceder ante intereses de mayor jerarquía. Así por ejemplo, en Díaz Aponte vs. Comunidad San José, 92 J.T.S. 81, el Tribunal Supremo de Puerto Rico, no obstante reconocer la importante función social que cumple el DACO, expresó que este organismo no puede compeler mediante el apremio personal el pago de una multa administrativa en controversias de índole privada. En consecuencia, decretó la inconstitucionalidad de la Sección 13 (e) de la Ley Orgánica de DACO al ser aplicada para lograr el encarcelamiento de quien no satisface una deuda monetaria producto de una controversia enteramente privada, ya que tal práctica violentaría la prohibición constitucional contra la encarcelación por multa. Al así hacerlo expresó:
"... la Sección 13(e), sección 341 (e), de la ley habilitadora del Departamento de Asuntos del : Consumidor, en tanto en-cuanto permite la encarcelación de aquél que no cumple con una resolución de la referida Agencia ordenándole a satisfacer una suma de dinero, producto la misma de la dilucidación por dicha Agencia de una controversia de índole estrictamente privada, es inconstitucional por contravenir las disposiciones del Artículo II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico que prohíbe el encarcelamiento por deuda en nuestra jurisdicción." Id., a la página 9616.
A pesar de esta determinación, el Tribunal Supremo reconoció que existen instancias en las cuales puede imponerse desacato con la correspondiente imposición de reclusión:
"El mecanismo coercitivo de la vía del apremio personal que establece la antes mencionada Sección 13(e) puede, y debe, ser aplicado por los tribunales de instancia en aquellas situaciones relativas al poder de reglamentación de la Agencia, las cuales surgen de la enumeración de facultades y poderes que se hace en el Artículo 6 de la citada Ley Orgánica del DACO, en que dicho organismo administrativo actúa bajo la jurisdicción primaria que le concede dicha Ley en beneficio de la ciudadanía en general o de un gran sector de la misma." Id. (citas omitidas).
A renglón seguido, el Tribunal enumera las instancias en que el apremio personal puede ser usado para poner en vigor órdenes y resoluciones de DACO. Algunas de estas situaciones son la reglamentación, fijación, control, congelación y revisión de los precios, márgenes de ganancias y tasas de rendimiento, así como la reglamentación y fiscalización de los anuncios y las prácticas engañosas en el comercio.
Una lectura de la opinión del Tribunal, nos advierte que la imposición de desacato civil por el incumplimiento del pago de una multa por acciones como las antes enumeradas ciertamente "constituye una 'reclusión por deuda' ", Id. Sin embargo, afirma el Tribunal, que por su naturaleza "las mismas son acreedoras a ser consideradas como una de las 'contadas' excepciones a la prohibición constitucional [contra la encarcelación por deudas] [...]", Id. Y es .que en estos casos, el interés público y no el meramente privado de un ciudadano frente a otro ciudadano, es el que está en entredicho.
La práctica declarada inconstitucional en Díaz Aponte vs. Comunidad San José, Id., es a nuestro juicio la que pende ante nuestra consideración. De esta forma el resultado es predecible.
DACO hace un intento de distinguir el presente caso de Díaz Aponte. Con este fin afirma:
"En el caso de marras no se trata de cobrar las cantidades adeudadas por los comerciantes a los consumidores, situación que es de índole privada, sino de recobrar el monto de la multa impuesta al comerciante por la reiterada desobediencia a las órdenes del Departamento." Escrito de Apelación, a la página 8.
Tal diferencia, a los efectos de la doctrina sentada en Díaz Aponte, es a nuestro juicio, inexistente, *1484 Si bien es cierto que la cantidad adeudada a los consumidores es independiente de la cantidad impuesta como multa, ambas cantidades son impuestas en el contexto de una controversia privada. No estamos ante la violación de un reglamento u orden del DACO emitida para suprimir un anuncio engañoso. Tampoco estamos ante la violación de una orden relativa a los precios de bienes de consumo, aspectos que gozan del carácter público cuya violación puede requerir la imposición de multas y la eventual imposición del desacato y el encarcelamiento del infractor "como una de las contadas excepciones a la prohibición constitucional en controversia", Díaz Aponte vs. Comunidad San José, supra, a la página 9116. Por el contrario, estamos ante una multa impuesta a una parte como penalidad por no haber cumplido una orden del DACO en una controversia privada.
Nuestra decisión, no obstante, no excluye la posibilidad de DACO obtener el cumplimiento de las sentencias mediante los mecanismos tradicionales de ejecución de sentencia que contemplan las Reglas de Procedimiento Civil, sin que queden lesionados principios de las más alta jerarquía consagrados en nuestra Constitución.
Por lo anterior concluimos que el error imputado al tribunal de instancia no fue cometido.
IV
Por los fundamentos antes expuestos CONFIRMAMOS las Sentencias apeladas.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Sonia Pacheco Román
Secretaria General
ESCOLIOS 96 DTA 41
1. El presente recurso de apelación fue referido a nuestra atención el 10 de abril de 1995, a tenor con las disposiciones de la orden Administrativa Núm. XIII del Tribunal Supremo de Puerto Rico. (Ver Resolución del 20 de abril de 1995.)